# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

COINBASE FINANCIAL MARKETS, INC.

        *Plaintiff,*

v.

DANA NESSEL, in her official capacity as Attorney General of Michigan; JIM ANANICH, in his official capacity as Board Chair of the Michigan Gaming Control Board; JONI M. THROWER DAVIS, in her official capacity as Member of the Michigan Gaming Control Board; ANDREW T. PALMS, in his official capacity as Member of the Michigan Gaming Control Board; DEIDRE A. LAMBERT-BOUNDS, in her official capacity as Member of the Michigan Gaming Control Board; MARK EVENSON, in his official capacity as Member of the Michigan Gaming Control Board; and HENRY WILLIAMS, in his official capacity as Executive Director of the Michigan Gaming Control Board,

        *Defendants.*

Case No. 2:25-cv-14092-SDK-KGA

Hon. Shalina D. Kumar

---

*Counsel for Plaintiff:*

Thomas W. Cranmer (P25252)
Matthew P. Allen (P57914)
840 W. Long Lake Rd., Ste. 150
Troy, MI 48009
Tel: (248) 879-2000
cranmer@millercanfield.com
allen@millercanfield.com

Jeffrey B. Wall
James M. McDonald
Rishabh Bhandari
Sullivan & Cromwell LLP
1700 New York Avenue, N.W.

*Counsel for Defendants:*

John L. Thurber (P44989)
Lauren E. Fitzsimons (P82997)
Felepe H. Hall (P59533)
Assistant Attorneys General
Alcohol & Gambling Enf. Div.
2860 Eyde Parkway, 2nd Floor
East Lansing, MI  48823
Tel: (517) 241-0210
ThurberJ@michigan.gov
FitzsimonsL@michigan.gov
HallF2@michigan.gov

**EXHIBIT A**

Washington, D.C. 20006
Tel: (202) 956-7500
wallj@sullcrom.com
mcdonaldj@sullcrom.com
bhandarir@sullcrom.com

Benjamin R. Walker
Yaira Dubin
Akash M. Toprani
Sullivan & Cromwell LLP
125 Broad Street
New York, NY 10004
Tel: (212) 558-4000
walkerb@sullcrom.com
dubiny@sullcrom.com
toprania@sullcrom.com

---

# DEFENDANTS' PROPOSED SUR-REPLY TO PLAINTIFF'S REPLY

John L. Thurber (P44989)
Assistant Attorney General
Attorney for Defendants
Alcohol & Gambling Enforcement Div.
2860 Eyde Parkway, 2nd Floor
East Lansing, MI 48823
Tel: (517) 241-0210
ThurberJ@michigan.gov

Dated: February ____, 2026

**EXHIBIT A**

## CONCISE STATEMENT OF ISSUES PRESENTED

1. Should this Court give weight to the newly appointed CFTC Chair's remarks that indicate a reversal of long held and consistent prior CFTC interpretations of the CEA?

## CONTROLLING OR MOST APPROPRIATE AUTHORITY

*Authority*:

*Arlington v. FCC*, 569 U.S. 290 (2013)

*KalishEx, LLC v. Hendrick*, Case No. 2:25-cv-00575, 2025 U.S. Dist. LEXIS 67832 (D. Nev. April 9, 2025)

*Loper Bright Enters. v. Raimondo*, 603 U.S. 369 (2024)

7 U.S.C. § 2(a)(1)(A)

i

**EXHIBIT A**

## ARGUMENT

Coinbase's reference to the newly appointed CFTC Chair's recent comments and apparent "support of companies like Coinbase in the litigation surrounding sports event contracts" is based on misleading assumptions. (ECF No. 32, PageID.564.) This Court should give no weight to the newly appointed CFTC Chair's recent remarks for three reasons.

First, Coinbase's characterization of the CFTC Chair's remarks presumes that its sports betting contracts are automatically within the exclusive jurisdiction of the CFTC. Not so.

A CFTC-registered prediction market can list for trading all kinds of contracts, including things that are outside of CFTC's exclusive jurisdiction. The CEA gives the CFTC "exclusive jurisdiction" over *commodity derivatives only*, and the law expressly provides that, when the CFTC does not have exclusive jurisdiction, the Act does not "supersede or limit the jurisdiction at any time conferred on … other regulatory authorities under the laws of the United States or of any State." 7 U.S.C. § 2(a)(1)(A). For example, these CFTC-registered markets now have options for spot trading cryptocurrencies, which the

1

**EXHIBIT A**

SEC also has jurisdiction over. This "preserves the SEC and states' regulatory authority over exchanges or transactions that are not covered by the CFTC's exclusive jurisdiction." *KalishEx, LLC v. Hendrick*, Case No. 2:25-cv-00575, 2025 U.S. Dist. LEXIS 67832, * 17 (D. Nev. April 9, 2025).

Second, the CFTC has never decided that these sports betting contracts are commodity derivatives, and the new CFTC Chair's remarks do not change that. Instead, Coinbase/Kalshi's sports betting contracts are filed "without prior CFTC approval by filing a written self-certification with the CFTC." Self-Certification Filing Procedures, CFTC https://www.cftc.gov/IndustryOversight/ContractsProducts/ListingProcedures/index.htm. The CFTC's hands-off approach to these "self-certified" sports betting contracts for the past year explains that "[f]or contracts filed under self-certification procedures, the regulated entities are expected to assume primary responsibility for ensuring that the contracts meet, on a continuing basis, the applicable statutory and regulatory requirements." Contracts & Products Guidance, CFTC, https://www.cftc.gov/IndustryOversight/ContractsProducts/index.htm.

EXHIBIT A

However, this Court is not required to accept Coinbase/Kalshi's self-certification that these sports bets are commodity derivatives as gospel. What matters is whether this Court finds these sports bets to be a commodity derivative. The fact that a prediction market has self-certified a contract to be listed and the CFTC has given its approval (or non-disapproval) at best creates a presumption that the contract is a commodity derivative, but that presumption is ultimately rebuttable by the facts.

Third, even if the CFTC did issue a rule declaring sports betting contracts to be commodity derivatives, this Court determines the jurisdictional question of whether these sports bets are commodity derivatives de novo. *Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 412-13 (2024) (overruling *Chevron* deference). As previously cautioned by Justice Gorsuch, if not, "executive agencies may effectively judge the scope of their own lawful powers." *Id.*, 603 U.S. at 433 (Gorsuch, J. concurring, citing e.g. *Arlington v. FCC*, 569 U.S. 290, 296-297 (2013)).

Notably, the reasoning for affording agency deference would not apply to the newly appointed CFTC Chair. Deference was warranted when the agency's "interpretation was issued roughly

3

**EXHIBIT A**

contemporaneously with enactment of the statute and remained consistent over time." *Loper Bright*, 603 U.S. at 386. The CEA and its most recent amendments predate the new CFTC Chair's 7-week tenure by quite a wide margin. It has also not been the consistent view of the CFTC over time, as demonstrated by his statement that he would direct CFTC staff to "withdraw the 2024 event contracts rule proposal that would prohibit political and sports-related event contracts and the 2025 staff advisory, which cautioned registrants about offering access to sports-related event contracts..." Remarks at Joint SEC-CFTC Event (Jan. 29, 2026), https://tinyurl.com/ydv9r8wf.[1]

## CONCLUSION AND RELIEF REQUESTED

This Court should disregard Coinbase's misleading statements regarding the newly appointed CFTC Chair's remarks.

Respectfully submitted,

/s/_____
John L. Thurber (P44989)
Assistant Attorney General

---

[1] Even the overturned *Chevron* reasoning for deferring to agency expertise may be less applicable to this case. See Nick Devor, *As Prediction Markets Boom, the CFTC's Flagship Office Has Lost Its Last Enforcement Attorney*, Barron's, Feb. 10, 2026, https://tinyurl.com/yck269h2.

4

EXHIBIT A

                                    Attorney for Defendants
                                    Alcohol & Gambling Enforcement Div.
                                    2860 Eyde Parkway, 2nd Floor
                                    East Lansing, MI  48823
                                    Tel: (517) 241-0210
                                    ThurberJ@michigan.gov

Dated: February \_\_\_\_, 2026

5

**EXHIBIT A**

## CERTIFICATE OF SERVICE (E-FILE)

I hereby certify that on [Date] , I electronically filed the above document(s) with the Clerk of the Court using the ECF System, which will provide electronic copies to counsel of record.

/s/_____
John L. Thurber (P44989)
Assistant Attorney General
Attorney for Defendants
Alcohol & Gambling Enforcement Div.
2860 Eyde Parkway, 2nd Floor
East Lansing, MI  48823
Tel: (517) 241-0210
ThurberJ@michigan.gov

Dated: February ____, 2026

6

**EXHIBIT A**