**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**

| | |
|---|---|
| COINBASE FINANCIAL MARKETS, INC.,<br><br>Plaintiff,<br><br>v.<br><br>DANA NESSEL, in her official capacity as Attorney General of Michigan; JIM ANANICH, in his official capacity as Board Chair of the Michigan Gaming Control Board; JONI M. THROWER DAVIS, in her official capacity as Member of the Michigan Gaming Control Board; ANDREW T. PALMS, in his official capacity as Member of the Michigan Gaming Control Board; DEIDRE A. LAMBERT-BOUNDS, in her official capacity as Member of the Michigan Gaming Control Board; MARK EVENSON, in his official capacity as Member of the Michigan Gaming Control Board; and HENRY WILLIAMS, in his official capacity as Executive Director of the Michigan Gaming Control Board,<br><br>Defendants. | Case No. 4:25-cv-14092<br><br>Hon. Shalina D. Kumar<br><br>Magistrate Judge Kimberly G. Altman |

## **JOINT MOTION FOR A STAY OF PROCEEDINGS**

Plaintiff Coinbase Financial Markets, Inc. (“Coinbase”) and Defendants, through their undersigned counsel, jointly move for a stay pending appeal of all further proceedings in this action.

Coinbase filed this action on December 18, 2025, Dkt. No. 1, and filed a motion for preliminary injunction the next day. Dkt. No. 13. On August 6, 2026, this Court denied Coinbase's motion. Dkt. No. 57; *see* Dkt. No. 58 (amended order). Pursuant to 28 U.S.C. § 1292(a)(1), Coinbase has appealed that decision to the U.S. Court of Appeals for the Sixth Circuit. Dkt. No. 59; *see Coinbase Financial Markets, Inc. v. Nessel, et al*., No. 26-01693 (6th Cir.).

On August 10, 2026, the parties conferred about the appropriate next steps in this action while Coinbase's appeal is pending. The parties consent to a stay of proceedings in this Court and agree that doing so would avoid unnecessary expenditure of judicial and party resources while the court of appeals considers the legal issues presented in this case.[1]

"[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes in its docket with economy of time and effort for itself, for counsel and for litigants." *Ohio Env't Council v. U.S. Dist. Ct., S. Dist. of Ohio, E. Div.*, 565 F.2d 393, 396 (6th Cir. 1977) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). It is thus within the district court's discretion to grant a stay of proceedings pending appeal.

[1] In addition to Coinbase's appeal, the Sixth Circuit has several other appeals pending before it that present the same fundamental preemption issues raised in this action. *See KalshiEX LLC v. Orgel, et al.*, No. 26-5235; *KalshiEX LLC v. Schuler, et al.*, No. 26-3196; *Robinhood v. Nessel*, No. 26-1542; *QCX v. Nessel*, No. 26-1552.

A stay will conserve the resources of the Court and the parties and avoid potentially duplicative proceedings while the Sixth Circuit considers issues that will directly bear on the scope and course of further proceedings in this Court. *See, e.g.*, *Weingartz Supply Co. v. Sebelius*, No. 12-12061, Dkt. No. 53 (E.D. Mich. Jan. 31, 2013); *Mersino Mgmt. Co. v. Sebelius*, No. 13-11296, Dkt. No. 33 (E.D. Mich. July 31, 2013). Absent a stay, the parties and the Court would expend substantial resources litigating to final judgment the very legal question before the Sixth Circuit. And "waiting for additional guidance from the Sixth Circuit promotes judicial economy and efficiency." *Monaghan v. Sebelius*, No. 12-cv-15488, 2013 WL 3212597, at *2 (E.D. Mich. June 26, 2013).

Notably, courts presiding over materially similar litigation presenting the same fundamental legal issues at the core of this case have entered stays of district court proceedings pending appeal, as the parties request here. *See, e.g.*, Order, *QCX, LLC v. Nessel*, No. 26-cv-00710 (W.D. Mich. Aug. 5, 2026), Dkt. No. 48; Order, *Robinhood Derivatives, LLC v. Nessel, et al.*, No. 1:26-cv-00730 (W.D. Mich. Aug. 5, 2026), Dkt. No. 47; Order, *KalshiEX, LLC v. Flaherty*, No. 25-cv-02152 (D.N.J. May 21, 2025), Dkt. No. 31; Order, *Robinhood Derivatives, LLC v. Griffin, et al.*, No. 26-cv-05311 (W.D. Wash. May 21, 2026), Dkt. No. 17; Order, *KalshiEX, LLC v. Flaherty*, No. 25-cv-02152 (D.N.J. May 19, 2026), Dkt. No. 41; Order, *KalshiEX LLC v. Schuler*, No. 25-cv-01165 (D. Ohio Mar. 30, 2026), Dkt. No. 75.

Accordingly, the parties respectfully request that this Court enter an order staying all district court proceedings in this case until final resolution of Coinbase's appeal in this matter.

Dated: August 20, 2026

By: *<u>/s/ Felepe H. Hall w/consent</u>*
John L. Thurber (P44989)
Lauren E. Fitzsimons (P82997)
Felepe H. Hall (P59533)
Assistant Attorneys General
Alcohol & Gambling Enf. Div.
2860 Eyde Parkway, 2nd Floor
East Lansing, MI 48823
Tel: 517.241.0210
ThurberJ@michigan.gov
FitzsimonsL@michigan.gov
HallF2@michigan.gov

*Counsel for Defendants*

Respectfully submitted,

By: *<u>/s/Matthew P. Allen</u>*
Thomas W. Cranmer (P25252)
Matthew P. Allen (P57914)
Miller Canfield PLC
840 W. Long Lake Rd., Ste. 150
Troy, MI 48009
Tel: 248.879.2000
cranmer@millercanfield.com
allen@millercanfield.com

Yaira Dubin
Gibson, Dunn & Crutcher LLP
200 Park Avenue
New York, New York 10166-0193
Tel: 212.351.2400
ydubin@gibsondunn.com

Judson O. Littleton
Gibson, Dunn & Crutcher LLP
1700 M Street, N.W.
Washington, D.C. 20036-4504
Tel: 202.955.8500
jlittleton@gibsondunn.com

*Attorneys for Coinbase Financial Markets, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on August 20, 2026, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system.

Respectfully submitted,

MILLER, CANFIELD, PADDOCK AND STONE, PLC

By: *Matthew P. Allen*
Matthew P. Allen (P57914)
Miller Canfield PLC
840 W. Long Lake Rd., Ste. 150
Troy, MI 48009
Tel: 248.879.2000
allen@millercanfield.com

Dated: August 20, 2026

51545453.1/164212.00001