**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**

COINBASE FINANCIAL MARKETS, INC.,

Plaintiff,

v.

DANA NESSEL, in her official capacity as Attorney General of Michigan; JIM ANANICH, in his official capacity as Board Chair of the Michigan Gaming Control Board; JONI M. THROWER DAVIS, in her official capacity as Member of the Michigan Gaming Control Board; ANDREW T. PALMS, in his official capacity as Member of the Michigan Gaming Control Board; DEIDRE A. LAMBERT-BOUNDS, in her official capacity as Member of the Michigan Gaming Control Board; MARK EVENSON, in his official capacity as Member of the Michigan Gaming Control Board; and HENRY WILLIAMS, in his official capacity as Executive Director of the Michigan Gaming Control Board,

Defendants.

Case No. 4:25-cv-14092

Hon. Shalina D. Kumar

Magistrate Judge Kimberly G. Altman

**STIPULATION AND ORDER CONCERNING ENFORCEMENT**

Plaintiff Coinbase Financial Markets, Inc. and Dana Nessel, Jim Ananich, Joni M. Thrower Davis, Andrew T. Palms, Deidre A. Lambert-Bounds, Mark Evenson and Henry Williams in their official capacities (Defendants, and together

with Coinbase, the Parties), by and through their undersigned counsel, hereby submit this stipulation and proposed order documenting their agreement concerning potential investigations or enforcement actions by the Defendants with respect to the listing, offering, sale or permitting of trading of sports-related event contracts (Enforcement Actions). In support of their request, the Parties represent as follows:

**WHEREAS**, Coinbase filed a Complaint for Permanent Injunction and Declaratory Relief against the Defendants on December 18, 2025, and a Motion for Preliminary Injunction on December 19, 2025 (the Action) alleging that Michigan state laws are preempted by the Commodity Exchange Act (CEA) as they relate to the trading of event contracts on CFTC-registered entities including Designated Contract Markets (DCMs) and Futures Contract Merchants (FCMs) (ECF Nos. 1, 13);

**WHEREAS**, this Court denied Coinbase's Motion for a Preliminary Injunction on August 6, 2026 (ECF Nos. 57, 58);

**WHEREAS**, Coinbase filed a Notice of Appeal of the order denying its Motion for a Preliminary Injunction on August 7, 2026 (ECF No. 59), which is currently pending as *Coinbase Financial Markets, Inc. v. Nessel*, No. 26-1693 (6th Cir. filed August 10, 2026) (the Coinbase Appeal);

**WHEREAS**, the Parties jointly moved for a stay pending appeal on August 20, 2026 (ECF No. 61), and the Court granted their motion on August 21, 2026,

staying all district court proceedings "until further order of the Court following the final resolution of Coinbase's appeal in this matter." (ECF No. 62);

**WHEREAS**, currently pending before the United States Court of Appeals for the Sixth Circuit are two consolidated appeals arising from litigation in the United States District Court for the Southern District of Ohio, *KalshiEX LLC v. Schuler*, No. 26-3196 (6th Cir. filed March 11, 2026) and the United States District Court for the Middle District of Tennessee, *KalshiEX LLC v. Orgel*, No. 26-5235 (6th Cir. filed March 23, 2026) (collectively, the Kalshi Appeals);

**WHEREAS**, the Kalshi Appeals are fully briefed, and oral argument was heard on July 30, 2026;

**WHEREAS**, currently pending before the United States Court of Appeals for the Sixth Circuit is an appeal arising from litigation in the United States District Court for the Western District of Michigan, *Robinhood Derivatives, LLC v. Nessel*, No. 26-1542 (6th Cir. filed June 23, 2026) (the Robinhood Appeal);

**WHEREAS**, on July 2, 2026, the Sixth Court advised that the Robinhood Appeal and an appeal captioned *QCX LLC d/b/a Polymarket US, QCX, LLC v. Nessel*, No. 26-1552 (6th Cir. filed June 25, 2026) (the Polymarket Appeal) would be submitted to the same panel for consideration on the same day given that they present substantially similar issues;

**WHEREAS**, on September 1, 2026, the Circuit Court for the 30th Judicial Circuit in Ingham County entered a preliminary injunction in *Nessel v. KalshiEX, LLC*, 26-1087-CZ (Mich. 30th Cir.) enjoining KalshiEX LLC from, among other things, offering or listing sports-related event contracts in Michigan (the State Court Injunction);

**WHEREAS**, the Parties have conferred regarding Enforcement Actions during the pendency of the Coinbase Appeal, the Polymarket Appeal, the Robinhood Appeal, the Kalshi Appeals, and the State Court Injunction;

**NOW, THEREFORE**, the Parties have agreed as follows:

1. From the date of this Stipulation, and during the time that Coinbase is in compliance with the terms of this Stipulation, Defendants will forbear from pursuing any Enforcement Actions against Coinbase or its affiliates, employees, officers, directors, or agents in connection with the listing, offering, sale or permitting of trading of sports-related event contracts;
    a. If at any time Defendants believe Coinbase is not in compliance with the terms of this Stipulation, they shall provide Coinbase with written notice, allow Coinbase ten (10) days to respond or to come into compliance, and agree to meet and confer in good faith before bringing any Enforcement Actions;

2. Coinbase agrees to cease offering new sports-related event contracts in Michigan that are traded on any DCM, including KalshiEX LLC, by 12:00 AM Eastern time on October 10, 2026, and until the first to occur of:
    a. the final resolution of the Coinbase Appeal, the Polymarket Appeal, the Robinhood Appeal, or the Kalshi Appeals either by the Sixth Circuit or, if certiorari is sought, by denial of certiorari or a decision by the Supreme Court of the United States; or,
    b. the dissolution of the State Court Injunction in *Nessel v. KalshiEX, LLC*, 26-1087-CZ (Mich. 30th Cir.);
3. Coinbase further agrees to close any open sports-related event contracts held by Michigan residents (i.e., contracts opened on or before October 9, 2026, which remain open and which the customer has not closed out voluntarily) by 12:00 AM Eastern time on October 10, 2026; and,
4. The agreements contained herein are without prejudice to any party's rights, obligations, or defenses.

**IT IS SO ORDERED.**

Dated: September 23, 2026

s/Shalina D. Kumar
Hon. Shalina D. Kumar
United States District Judge

Stipulated and Agreed:

By: /s/Felepe H. Hall w/consent
John L. Thurber (P44989)
Lauren E. Fitzsimons (P82997)
Felepe H. Hall (P59533)
Assistant Attorneys General
Alcohol & Gambling Enf. Div.
2860 Eyde Parkway, 2nd Floor
East Lansing, MI 48823
Tel: 517.241.0210
ThurberJ@michigan.gov
FitzsimonsL@michigan.gov
HallF2@michigan.gov

*Counsel for Defendants*

By: /s/Matthew P. Allen
Thomas W. Cranmer (P25252)
Matthew P. Allen (P57914)
Miller Canfield PLC
840 W. Long Lake Rd., Ste. 150
Troy, MI 48009
Tel: 248.879.2000
cranmer@millercanfield.com
allen@millercanfield.com

Yaira Dubin
Gibson, Dunn & Crutcher LLP
200 Park Avenue
New York, New York 10166-0193
Tel: 212.351.2400
ydubin@gibsondunn.com

Judson O. Littleton
Gibson, Dunn & Crutcher LLP
1700 M Street, N.W.
Washington, D.C. 20036-4504
Tel: 202.955.8500
jlittleton@gibsondunn.com

*Counsel for Coinbase Financial Markets, Inc.*